UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| EDWARD ARMSTRONG, *ET AL.* | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-104 |
| | ) | CONSOLIDATED |
| UNITED STATES FIRE | ) | |
| INSURANCE COMPANY, *ET AL.* | ) | |

## **MEMORANDUM OPINION AND ORDER**

On May 9, 2007, the plaintiffs Edward Armstrong and Susan Armstrong Gray filed a declaratory judgment action against United States Fire Insurance Company ("U.S. Fire") and North River Insurance Company ("North River") and Nasko Nazov, Marjan Milev, World Trucking, Inc., Dobrin Zahariev Dobrikov, Stanislava Z. Dobrikov, World Trucking Express, Inc., XTRA, Inc., XTRA Lease, LLC (collectively "XTRA"), Valerie Carlson, William Harmon, and Karen Harmon, as interested parties, [Doc. 1], to determine whether U.S. Fire and North River's insurance policies, obtained by "XTRA in various corporate names," "provide[ ] liability coverage to . . . Nazov, Milev, World Trucking, Inc., and World Trucking Express, Inc. Also, on March 9, 2007, prior to the filing of this action, U.S. Fire and North River filed a declaratory judgment action against World Trucking, Inc., World Trucking Express, Inc., and XTRA Inc. in the District Court of New Jersey, seeking

a declaration as to whether World Trucking, Inc. and World Trucking Express, Inc. are insureds under the U.S. Fire and North River policies and whether U.S. Fire and North River are obligated to indemnify World Trucking, Inc. and World Trucking Express, Inc. The New Jersey action was later transferred to this Court's jurisdiction.

On July 9, 2007, U.S. Fire and North River filed a Motion to Dismiss, [Doc. 17], in the action originally filed with this Court, No. 2:07-CV-104. The Armstrong plaintiffs responded to this motion, [Doc. 24], on July 26, 2007, and on August 8, 2007, U.S. Fire and North River filed a reply, [Doc. 44]. Months later, on October 24, 2007, XTRA filed a motion to dismiss all claims against XTRA and to join in U.S. Fire and North River's motion, [Doc. 70]. On June 20, 2008, Defendants Valerie Carlson, William Harmon, and Karen Harmon filed responses to U.S. Fire and North River's motion, [Docs. 95 and 107]. Then, by leave of this Court, the Armstrong plaintiffs filed a response to U.S. Fire and North River's reply on July 9, 2008, [Doc. 123]. In addition, this Court ordered, on August 26, 2008, [Doc. 140], that the parties file a brief regarding whether this Court should decline to exercise discretionary jurisdiction over the claim pursuant to the Declaratory Judgment Act. Those briefs have been filed with this Court, [Docs. 154, 157, and 160], and this matter is now ripe for disposition.

# I. FACTS

The plaintiffs Edward Armstrong and Susan Armstrong Gray allege that on March 7, 2004, a tractor-trailer unit operated by Nasko Nazov in the course of the business of World Trucking, Inc., was involved in an accident, resulting in the fatalities of four members of the Armstrong family and personal injuries to the Harmon defendants. The tractor unit was leased by Marjan Milev to World Trucking, Inc., and the trailer unit involved was leased by XTRA to World Trucking, Inc. XTRA had obtained a commercial motor carrier liability insurance policy, which contains an MCS-90 Endorsement, on the trailer through U.S. Fire and a commercial umbrella policy from North River. The plaintiffs allege that the policies were effective on the date of the accident, that World Trucking, Inc., Marjan Milev, and Nasko Nazov are insureds under these policies, and that the policies provide coverage for this accident. They seek a declaratory judgment from this Court that the policies provide liability insurance coverage to Defendants World Trucking, Inc., World Trucking Express, Nazov, and Milev. Further, they seek a declaration that U.S. Fire and North River owe a duty to indemnify Defendants World Trucking, Inc., World Trucking Express, Nazov, and Milev.[1]

---

[1] These are three separate tort actions pending in this Court as a result of the March 7, 2004, accident – *Carlson v. World Trucking, Inc., et al.*, No. 2:05-CV-44; *Armstrong v. World Trucking, Inc., et*

## II. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants U.S. Fire and North River move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that (1) plaintiffs cannot bring a direct action against them under any potentially applicable states' laws and (2) the policy provisions prevent the plaintiffs from bringing a direct action. XTRA argues in its motion to dismiss and motion to join in U.S. Fire and North River's motion that any liability on its part would be derivative of U.S. Fire's liability, and thus, XTRA should be dismissed for the same reasons that U.S. Fire asserts.

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the

---

*al.*, No. 2:05-CV-62 and *Harmon v. World Trucking, Inc., et al.*, No. 2:05-CV-65. These cases were reported settled but there are pending motions to set aside the settlement agreements which cannot be easily resolved until the coverage questions raised in the instant case are resolved.

4

complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### B. Direct Action

The defendants first argue that the plaintiffs have failed to state a claim because this is a direct action which cannot be maintained against them because there is no privity of contract between plaintiffs and the insurance carriers of the defendants who allegedly caused harm. The plaintiffs, on the other hand, claim that this is not a direct action but one seeking declaratory judgment regarding insurance coverage, not underlying liability in a tort action. Title 28 United States Code section 2201 states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a) (2008).

5

A direct action is "[a] lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured." Black's Law Dictionary (8th ed. 2004); *see also Cunningham v. State Farm Mut. Auto. Ins. Co.*, 297 F.Supp. 1138 (E.D. Tenn. 1966); *Carvin v. Standard Accident Ins. Co.*, 253 F.Supp. 232, 234 (E.D. Tenn. 1966). The essential feature of a tort direct action is that the insurer has been substituted as a party defendant for the legally responsible insured. Thus, unless the cause of action against the insurance company is essentially the same claim that would seek liability against the insured, the action is not a direct action. *Rosa v. Allstate Inc. Co.*, 981 F.2d 669, 675 (2d Cir. 1992). Said more simply, the distinction is between a tort claim to determine liability and a contract claim to determine coverage. *See Searles v. Cincinnati Inc. Co.*, 998 F.2d 728, 729 (9th Cir. 1993).

This complaint seeks a declaration that the insurance policies provide liability insurance coverage to Defendants World Trucking, Inc., World Trucking Express, Nazov, and Milev, and they seek a declaration that U.S. Fire and North River owe a duty to indemnify Defendants World Trucking, Inc., World Trucking Express, Nazov, and Milev. According to the complaint, the plaintiffs do not seek a determination as to who is liable in tort for the deaths and injuries suffered as a result of the March 7, 2004 vehicle accident. As such, this is not a direct action suit. The

6

issue of the liability of U.S. Fire and North River under their contracts of insurance is separate and distinct from the question of the tort liability of the defendants in the tort actions also pending in this Court.

While it is true, as U.S. Fire and North River assert, that Tennessee, Missouri, Connecticut, and Massachusetts are not "direct action" states, that, however, misses the point because the plaintiffs have not brought a direct action suit. All cases cited by the defendants in support of their assertion that this is a direct action suit are suits where the insured sued its uninsured motorist carrier to determine liability under a contract of insurance for injuries suffered in an automobile accident, *see Seymour v. Sierra*, 98 S.W.3d 164 (Tenn. Ct. App. 2002),[2] an injured party sued her employer, the alleged tortfeasor, and the employer's insurer for reimbursement for property damage after a fire, *see Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42 (Tenn. Ct. App. 2006)[3], or an injured party sued an insurer directly to establish liability of the insured, *see John Beaudette, Inc. v. Sentry Ins. Mut. Co.*, 94 F.Supp.2d 77 (D. Mass. 1999); *Szafarowicz v. Gotterup*, 68 F.Supp.2d 38 (D. Mass. 1999);

---

[2] The *Seymour* case actually illustrates that not all suits by injured parties against the insurance company are direct actions.

[3] The Tennessee Court of Appeals uses an example to illustrate what is meant by a direct action that is helpful in this case. "The situation here is similar to a case where A injures B, B has a liability policy with C and A attempts to sue C directly to recover benefits under the policy. This type of direct action has never been recognized." *Ferguson*, 218 S.W.3d at 54 (citing *Downing v. Travelers Ins. Co.*, 107 Idaho 511, 691 P.2d 375 (1984).

7

*Desmond v. American Ins. Co.*, 786 S.W.2d 144 (Mo. Ct. App. 1990). The cases cited were not declaratory judgment actions. Furthermore, there are numerous cases which have been filed in this district where an alleged injured party in an underlying personal injury suit or the insurer of the insured alleged to have caused the injury have filed suit seeking declaratory judgment as to the coverage of the insurance policy, the duty to indemnify, or the duty to defend.

As the Sixth Circuit has stated in *Maryland Casualty Co. v. Faulkner*, 126 F.2d 175, 178 (6th Cir. 1942), "A declaratory judgment proceeding which involves only the extent of the coverage of an insurance policy, and not the liability of the insured to the person injured in the accident, will be entertained in the Federal Court, and the insurer is entitled to have the extent of the coverage of its policy declared in such proceeding,–other essentials of jurisdiction being present." *Id.*; *see also*, *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987) (citing *Faulkner* for the same proposition), *abrogated on different grounds by Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000).

Because the defendant has failed to show that this action is a direct action suit and because this Court FINDS, based on the face of the complaint, that it is one for declaratory judgment under Title 28 United States Code section 2201, this Court FINDS that the plaintiffs do state a claim, and the defendants' motions on this basis

must be **DENIED** [Docs. 17 and 70].[4] *Cf. Henderson v. Selective Ins. Co.*, 369 F.2d 143, 149 (6th Cir. 1966) (holding that a declaratory relief claim is not a direct action for section 1332(c)(1) purposes); *Weast v. Travelers Cas. & Sur. Co.*, 7 F.Supp.2d 1129, 1133 (D. Nev. 1998).

### C. Policy Provisions

Next, U.S. Fire and North River argue that the terms of the actual policy prevent the plaintiffs from bringing this action.[5] Specifically, they rely on the following policy language:

> No one may bring a legal action against us under this Coverage From until:
>
> a. There has been full compliance with all the terms of this Coverage Form; and
> b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

---

[4]In the Defendants' U.S. Fire, North River's reply, they seem to change their argument and assert that this Court lacks subject matter jurisdiction over the claim although their argument is somewhat unclear. Despite the apparent change of direction, the defendants' never clearly move to dismiss on the basis of lack of subject matter jurisdiction. Their actual motion was strictly limited to failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As such, this Court has decided the motion based on the grounds raised by the motion.

[5]U.S. Fire, North River, and XTRA admitted that the policies, which were attached to the complaint, were accurate and governed the dispute according to the policies' terms and conditions.

9

First, as previously stated, this is not an action to determine the insured's liability, but to determine the coverage under the policy. Thus, this clause does not apply. Moreover, any covenant not to sue included in the contract would only be binding upon the parties to the contract. U.S. Fire and North River cannot realistically expect to bind the entire world, preventing suit against them, by a contract only entered into between them and XTRA. The motions to dismiss on this ground are **DENIED**.

### III. DISCRETIONARY EXERCISE OF JURISDICTION

Although Defendants U.S. Fire and North River did not argue that this Court should exercise its discretion to decline jurisdiction until their reply, this Court gave the parties an opportunity to brief the issue, and they have done so. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th 2008). Thus, this Court will address the issue.

Pursuant to the Declaratory Judgment Act, the Court *may* exercise jurisdiction and declare the rights and legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. Exercise of jurisdiction under Declaratory Judgment Act is not mandatory. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). This Court must consider five factors in determining whether to exercise jurisdiction:

10

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for *res judicata*";
>
> (4) whether the use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984). First, this action would settle the controversy on whether there is policy coverage. *See Flowers*, 513 F.3d at 556. The only issue addressed here is the legal question as to whether there is coverage,[6] and it does not require this Court to inquire into matters being developed through discovery either in this case or in the underlying personal injury cases. *Id.*; *see also Bituminous Casualty Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807 (6th Cir. 2004). In addition, all parties in the underlying action are now parties to this declaratory judgment action. *Id.*; *Bituminous*, 373 F.3d at 814;

---

[6]The parties have represented to the United States Magistrate Judge that the only issue was the legal issue of coverage. If there were factual issues which were also common to the underlying tort actions, this is a factor that might weigh against the exercise of jurisdiction. *See, e.g. Bituminous Casualty Corp.*, 373 F.3d at 813.

*Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003).[7]

Thus, this first factor points towards the exercise of jurisdiction. Second, deciding the action indeed would help to clarify the relationships at issue; it would decide whether policy coverage exists and for whom. It also clarifies the duties of indemnification. This factor also weighs in favor of jurisdiction. Third, this Court must decide whether the action is being used for "procedural fencing" or *res judicata*. This inquiry is whether the plaintiffs have filed in an attempt to get their choice of forum by filing first. *Flowers*, 513 F.3d at 558. Here, the plaintiffs filed this action after the filing of the personal injury suit. In this situation, especially where there is no proof in the record of improper motive, this Court will give the plaintiffs the benefit of the doubt. *Id.*; *Bituminous*, 373 F.3d at 814. Fourth, this Court must decide whether the action would increase friction between the state and federal courts. In this situation, where the underling personal injury cases were filed in this Court, it would not create such

---

[7] This is an important factor and one on which the position of U.S. Fire, North River and XTRA is hard to understand. U.S. Fire and North River did not make the plaintiffs in the tort actions parties to the New Jersey declaratory judgment action and have resisted strenuously their participation on these coverage questions. If the tort plaintiffs were not parties to these declaratory judgment actions, the Court would likely decline to exercise jurisdiction over the coverage questions since the resolution of the coverage questions as between U.S. Fire and North River and World Trucking would not resolve the controversy . Any judgment under those circumstances in this Court would not be binding on the tort plaintiffs and, regardless of the Court's judgment, the tort plaintiffs could still pursue third party recovery against U.S. Fire and North River if they recover a judgment award against the defendants in the tort action. *See e.g. Bituminous Casualty*, 373 F.3d at 814; *see also Scottsdale Insurance Co. v. Flowers*, 513 F.3d 546, 556 (6th Cir. 2008). Although a declaratory judgment would clarify the legal relationship between these insurance companies and World Trucking pursuant to the insurance contracts, it would not clarify the legal relationship between the plaintiffs and defendants in the tort actions, nor would it clarify the relationship between the tort plaintiffs and U. S. Fire and North River.

tension. Thus, this factor too supports the exercise of jurisdiction. Fifth, this Court must decide whether an alternative remedy is better or more effective, and this Court concludes that this factor also supports jurisdiction. Thus, because all factors weigh in favor of exercising jurisdiction, then this Court will do so.

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that the defendants' motions, [Docs. 17 and 70], are **DENIED**.

SO ORDERED.

ENTER:

                                                  s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE